FILED
IN CLERKS OFFICE

2022 MAR -7 PM 2: 05

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
FOR MASSACHUSETTS

No. 2022-cv------

Paul Dubois, Petitioner

-v-

Nelson V. Alves, Supt., Respondent,

PETITION FOR A WRIT
OF HABEAS CORPUS

The petitioner, Paul Dubois, moves this Honorable Court, pursuant to 28 U.S.C. §2241(c)(3) to issue the Writ of Habeas Corpus to release the petitioner from confinement.

As grounds therefore, the petitioner is imprisoned in violation of the Constitution, Laws, or Treaties of the United States.

As further grounds, on November 24, 2021, the petitioner filed a Verified Petition For A Writ Of Habeas Corpus, Memorandum of Law In Support, Exhibits A - T.  See, [Appendix (App.) pp. 4-184]

Additionally, the petitioner requested a docket number from the Clerk of the Supreme Judicial Court

Federal                        -2-                      Dubois

on December 14, 2021. [App., p. 3]

On January 4, 2022, with no opposition from the Commonwealth, the Clerk of the Supreme Judicial Court For Suffolk County, notified the petitioner that a Single Justice, Cypher, J., denied his petition without a hearing. [App., pp. 1-2]

The Law To The Facts

The petitioner notified the state's highest court of the reasons his further imprisonment violates the Constitution, using the jurisdiction of G.L. c. 248 §§1-25. [App., p. 7]

The petitioner gave the Supreme Judicial Court a full and fair opportunity to apply the law to the facts, thus exhausting his state remedies. Picard v. Connor, 404 U.S. 270, 272 (1971)

Under the Full Faith & Credit Act, 28 U.S.C. §1738, the petitioner cited 28 U.S.C. §2241(c)(3), that a Structural Defect of the criminal law process, pre-

trial, violated the Fifth and Fourteenth Amendments to the United States Constitution, citing, <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 623-630 (1993)[App., pp. 8-9]

Because the state's highest court chose to forego a ruling on the merits, <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000); <u>Dye v. Hofbauer</u>, 546 U.S. 1, 3 (2005), this presentation is appropriate.

The "presumption of correctness" does not apply. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 341 (2003)

In <u>Slack</u>, the Court, Stevens, J., held that a court must reach the prisoner's underlying federal constitutional claims in order for a "Ruling On The Merits" to issue, whether the court uses the phrase "dismissed" or "denied without a hearing," the result is the same.

The petitioner explained to the Supreme Judicial Court that the failure to issue a written opinion on the Constitutional questions presented would result in Federal review, <u>De Novo</u>. [App. p. 10]

The Supreme Judicial Court has no respect for itself as it "passes the buck" to the Federal forum.

On June 5, 2003, the petitioner was arrested on an "interstate" warrant for defacing a firearm, a misdemeanor under G.L. c. 269 §11C. [App. p. 47]

The petitioner was not given any Miranda v. Arizona, 384 U.S. 436 (1966) warnings by Deputy Brian Bailey of the Taney County, Missouri Sheriff's Department. The petitioner was "turned over" to two Massachusetts police officers (State Police) who wanted to question the petitioner about a murder in Massachusetts. [App., p. 46]

The Complainant/Interviewer was Sergeant John Kotfila, who, 16+ years later, on September 4, 2019, submitted a "Recall" Affidavit. [App., p. 96]

The Commonwealth has filed an Opposition to the petitioner's Gatekeeper Petition, that because he did not raise this issue in his initial motion for new trial or on direct appeal, he had waived it. [App., p. 104]

> "If the defendant did not waive extradition, the defendant would either 1)?still be in Missouri; or 2) the Commonwealth would have had to obtain a Governor's Warrant. G.L. c. 276 §6. The Commonwealth never had to execute a Governor's Warrant. See, Affidavit of Sergeant Kotfila."
> [App. p. 105]

The Commonwealth's statements appear to be contrived, as Sergeant Kotfila testified:

> "I recall that after the State Police began drafting the Governor's Warrant, the defendant waived extradition." [App., p. 96, ¶5]

In the petitioner's Affidavit In Support of Motion For Immediate Release, the petitioner swore under pains and penalties of perjury to the facts. [App., pp. 93-95, ¶¶ 11-29]

The petitioner was not brought before a neutral Magistrate or impartial Judicial Officer to assess probable cause for extradition. Shadwick v. City of Tampa, 407 U.S. 345, 350 (1972)(neutral and evenly detached Magistrate required instead of being judged by the officer engaged in crime prevention)

Standing

The United States Supreme Court, Bell v. Hood, 329 U.S. 678, 681 (1946) delineated it is the party who brings the complaint, petition, etc., is the master to decide what law he will rely upon, which, under Commonwealth v. Masskow, 362 Mass. 662, 667 (1972), the Supreme Judicial Court is duty-bound to follow and rule upon. The Supreme Judicial Court may not ignore Federal and Constitutional law decided by Circuit Courts and the Supreme Court, which it did.

The petitioner gave the state court three opportunities, [App., pp. 150-184 (Superior Court)]; [App., pp. 106-149 (Gatekeeper)]; [App., pp. 1-105 (Supreme Judicial Court)]

The petitioner wishes this Honorable Court to know that in order that he would have "fled pending charges" from Massachusetts, where he was indicted for murder on July 7, 2003, 32 days after his arrest in Missouri, the authorities would have to have had a time machine.

Sergeant Kotfila testified, under oath, to a jury in Barnstable Superior Court:

> "...he was arrested as a fugitive from justice...that's what the warrant for defacing was for...."

Yet, there is no warrant. The Commonwealth is required to prove by "clear and convincing evidence" that there ever was such a warrant, or a warrant to extradite as a fugitive from justice to a court in the State of Missouri, which they have not done. As the motto of Missouri states, "Show me."

According to the Commonwealth, the petitioner waived rendition. [App., p. 96 ¶5] "Show me" the so-called waiver of rendition.

The petitioner challenged the jurisdiction of the Barnstable Superior Court to cause him to be imprisoned. Jurisdictional issues cannot be waived. United States v. Hays, 515 U.S. 737, 742 (1995); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 230-231 (1990);

Commonwealth v. DeJesus, 440 Mass. 147, 151 (1996); United States v. Cotton, 535 U.S. 625 (2002)(Jurisdiction cannot be forfeited)

The exhaustion is completed. The state court failed to determine factual issues (or apply the law to any facts)-there can be no "presumption of correctness." Norton v. Spencer, 351 F.3d 1, 6-8 (1st Cir 2003); Taylor v. Maddox, 366 F.3d 992, 1008 (9th Cir. 2004) (presumption of correctness overcome by clear and convincing evidence of defects in the fact-finding process)

Questions of law, or mixed questions of law and fact, are subject to de novo review. Levasseur v. Pepe, 70 F.3d 187, 191 (1st Cir. 1995); Abela v. Martin, 380 F.3d 915, 922 (6th Cir. 2004)

If there was no valid warrant in the State of Missouri to arrest the petitioner for defacing a firearm under the misdemeanor of G.L. c. 269 §11C, else there was no Fugitive From Justice Extradition Warrant from the Governor of Massachusetts, then there could

be no jurisdiction to imprison the petitioner in the Commonwealth of Massachusetts.

The petitioner has not failed to fully develop the facts of his claims. He should be allowed an evidentiary hearing, to ascertain the veracity of the Commonwealth's "facts," even under 28 U.S.C. § 2241(c)(3).

This Honorable Court should appoint a Magistrate to conduct such a hearing. 28 U.S.C. §636(b)(1)(B)

That would be a way the District Court can order the Commonwealth to file written objections to a Magistrate's Report to preserve the right of review. Santiago v. Canon USA, 138 F.3d 1, 4 (1st Cir. 1998); Beverly v. Walker, 118 F.3d 900, 902 (2nd Cir. 1997)

Under 28 U.S.C. §2243, the Court should grant the petition and must order the Commonwealth to show cause withing a specified time period why the petition should not be granted. Day v. McDonough, 547 U.S. 198, 209-210 (2006)(parties to be allowed

Federal                           -10-                          Dubois

fair notice and an opportunity to present their positions)

## Conclusion

For the reasons stated above, in fact and law, the clear and convincing evidence presented in the Appendix, this Honorable Court should <u>allow</u> the petition for a writ of Habeas Corpus, or, in the alternative, order an evidentiary hearing.

March 3, 2022                          Respectfully submitted,

*Paul Dubois*
Paul Dubois, Pro Se
Box 43,
Norfolk, MA 02056

Certificate of Service:
I hereby certify that I mailed a true copy of this petition, with the Appendix, to Maura Healy, Attorney General, One Ashburton Place, Boston, MA 02108 on March 3, 2022.