UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL DUBOIS, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | *  Civil Action No. 1:22-cv-10362-IT |
| | * |
| NELSON V. ALVES, | * |
| | * |
| Respondent. | * |

MEMORANDUM & ORDER

January 19, 2023

TALWANI, D.J.

On March 7, 2022, Petitioner Paul Dubois, proceeding pro se, petitioned the court "to issue the Writ of Habeas Corpus to release the petitioner from confinement." Petition for Writ of Habeas Corpus 1 [Doc. No. 1]. Several motions are now pending before the court. For the reasons that follow, Dubois's Motion for a More Definite Statement [Doc. No. 20] is DENIED, Respondent Nelson V. Alves's Motion to Dismiss [Doc. No. 15] is GRANTED, the Petition is dismissed as time-barred under 28 U.S.C. § 2244(d), and Dubois's Verified Motion to Alter or Amend a Judgment [Doc. No. 23] is DENIED as moot.

**I.   Background**

A.   *State Court Proceedings[1]*

On September 20, 2004, a Barnstable Superior Court jury convicted Dubois of first-degree murder and sentenced him to life in prison. Ex. A, Barnstable Superior Court Docket, 7

---

[1] Except as otherwise provided, this section is based on the state court dockets submitted as Exhibit A (Barnstable Superior Court Docket) [Doc. No. 15-1] and Exhibit D (Supreme Judicial Court Docket No. SJ-2021-0432) [Doc. No. 15-4] to Respondent's Motion to Dismiss [Doc. No. 15].

[Doc. No. 15-1]. Dubois filed post-trial motions for a new trial, for funds for a forensic document expert, and to disclose favorable evidence, and Notices of Appeal. Id. On September 22, 2005 (and as amended on October 6, 2005), the Supreme Judicial Court ("SJC") stayed appellate proceedings pending disposition of Dubois's post-trial motions, which it remanded to the Barnstable Superior Court. Id. at 8-9. On February 6, 2007, the Superior Court denied Dubois's post-trial motions and appellate proceedings resumed. Id. at 10.

On March 31, 2008, the SJC affirmed the conviction and the denial of Dubois's three post-trial motions but allowed Dubois to file a motion in Superior Court to obtain information regarding a recording he claimed was made of his conversation with police in 1997. Id. at 11; Com. v. Dubois, 451 Mass. 20, 21, 883 N.E.2d 276, 279 (2008). On May 15, 2008, Dubois filed a Motion to Compel the Commonwealth to Disclose Evidence Favorable to the Defendant, see Ex. A, Barnstable Superior Court Docket, 11 [Doc. No. 15-1], which the Commonwealth answered on June 12, 2008. Id. No further action was taken at that time. Id.

Eleven years later, on June 21, 2019, Dubois filed a pro se motion to vacate, set aside, or otherwise correct sentence, which the Superior Court denied on October 15, 2019. Id. On July 6, 2020, his application for leave to appeal this decision was denied. Id.

On June 10, 2021, Dubois filed a motion for immediate release, which the Superior Court denied on June 16, 2021. Id. On October 18, 2021, his application for leave to appeal this decision was denied. Id. at 12.

On November 30, 2021, Dubois filed a Verified Petition for a Writ of Habeas Corpus in the SJC. Ex. D, Mass. Supreme Judicial Court Docket, 1 [Doc. No. 15-4]. On January 4, 2022, the SJC denied the habeas petition without a hearing. Id.

      B.      *Federal Court Proceedings*

On March 7, 2022, Dubois filed the <u>pro se</u> habeas petition in this court. Respondent filed a <u>Motion for a More Definite Statement</u> [Doc. No. 8], which the court granted. Elec. Order [Doc. No. 11]. In response to the court's order, Dubois filed a <u>Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241</u> [Doc. No. 13] (the "§ 2241 Petition") and a <u>Verified Response</u> [Doc. No. 12] in which he explained that he was not challenging his conviction, and therefore was filing a Petition under 28 U.S.C. § 2241, not § 2254. Verified Response 1 [Doc. No. 12].

The § 2241 Petition [Doc. No. 13] seeks Dubois's release from state custody, asserting that his "continued custody violates the Constitution, Laws, or Treaties of the United States under 28 U.S.C. § 2241(c)(3)" on ten grounds, namely that (1) the Barnstable Superior Court had no jurisdiction to bring him to trial in Massachusetts for murder; (2) the merits of his claims were not ruled upon by the SJC; (3) after his arrest in Missouri, he was not given a <u>Miranda</u> warning advising him that he had the right to the presence of an attorney to represent him; (4) there was no probable cause to seize him in Missouri without due process of law; (5) no indictment or affidavit was provided before his interview, arrest and extradition; (6) the government violated his due process rights when it transferred him across state lines without an extradition proceeding; (7) he was not afforded a hearing before a neutral magistrate in Missouri on whether his arrest was constitutionally sound and in conformance with federal law; (8) counsel should have been appointed and an evidentiary hearing should have been held by the state court in connection with his claims; (9) the government withheld exculpatory evidence; and (10) the

government committed structural defects in the criminal justice process. § 2241 Habeas Petition 2, 7-10[2] [Doc. No. 13].

On October 11, 2022, Respondent moved to dismiss the petition as time-barred under 28 U.S.C. § 2244(d). Motion to Dismiss [Doc. No. 15]. Dubois filed a Motion for a More Definite Statement [Doc. No. 20] seeking a clarification of Respondent's argument.[3] Respondent responded to Dubois's Response and Cross-Motion that the petition was untimely for the reasons previously stated.

Meanwhile, as reported on the docket of case 22-cv-11203, on July 22, 2022, Dubois (and his two children) filed a civil action under 42 U.S.C. § 1983 against Alves and numerous other individuals and entities. Complaint [#1], 22-cv-11203. Dubois included on the complaint the case number from this habeas proceeding, but the case was assigned a separate civil action number. See Mem. & Order [#7], 22-cv-11203.

On July 22, 2022, Dubois filed four additional motions with the caption Paul Dubois, et al. v. Alves, et al. Although he included on these motions the case number from this habeas proceeding, the motions – which referenced multiple parties – were docketed in the civil action. Motions [#2], [#3], [#4], [#5], 22-cv-11203. On August 22, 2022, Dubois was directed to pay the filing fee for the civil action or to file an application to proceed *in forma pauperis*. Mem. & Order [#7], 22-cv-11203. On September 12, 2022, Dubois appealed that order. Notice of Appeal [#8], 22-cv-11203.

---

[2] Citations to the § 2241 Petition refer to ECF page numbers.

[3] The court treated Dubois's filing as a Response and Cross-Motion. See Elec. Order [Doc. No. 21].

On October 7, 2022, Dubois filed an Application for Leave to Proceed in forma pauperis [Doc. No. 14], together with a Verified Motion to Proceed on Appeal in Forma Pauperis [Doc. No. 14-1] asking for leave to appeal in forma pauperis the decision in 22-cv-11203. Because the Application [Doc. No. 14] appeared to be related to docket 22-cv-11203, the court transferred the application to that docket. Elec. Order [Doc. No. 18].

On November 17, 2022, Dubois filed a Verified Motion to Alter or Amend a Judgment [Doc. No. 23], stating that material he submitted in August 2022 with the additional motions was intended to be offered in support of his habeas petition and not as a separate action. He requests that the court consider the material submitted with his Verified Motion [Doc. No. 23] in addressing his § 2241 Petition on the merits.

## II.   Discussion

### A.   Respondent's Motion to Dismiss and Dubois's Motion for a More Definite Statement

Respondent seeks to dismiss this habeas petition pursuant to 28 U.S.C. § 2244(d). That provision, which is part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution of laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). With regard to subsection (1)(A), the "'time for seeking' direct review includes the period for filing a certiorari petition." Lawrence v. Florida, 549 U.S. 327, 328 (2007) (contrasting language in 28 U.S.C. § 2244(d)(1) and (d)(2)). The period for filing a petition for writ of certiorari is "within 90 days after entry of [an] order denying discretionary review." Sup. Ct. R. 13.1. Respondent argues that Dubois is a "person in custody pursuant to the judgment of a State court" such that the one-year statute of limitations applies, and that the period within which Dubois could have filed a habeas petition pursuant to 28 U.S.C. § 2244(d)(1)(1) ended on June 29, 2008, 90 days after the SJC's March 30, 2008 decision affirmed his conviction. Respondent's Mem. 6-7 [Doc. No. 16].

Dubois's § 2241 Petition [Doc. No. 13] argues that because he "is not challenging his indictment, the errors of the trial, the sentencing, or his direct appeal," the limitations of 28 U.S.C. § 2254 do not apply. § 2241 Petition 8 [Doc. No. 13]. He objects that Respondent "wishes the two statutes, § 2241 and § 2254[,] to be joined." Motion for a More Definite Statement 5 [Doc. No. 20]. But Dubois is challenging his custody pursuant to a state court judgment. Accordingly, regardless of whether Dubois's petition was filed under § 2254 or § 2241, the time limits set forth in § 2244 apply.

Although the statute of limitations for federal habeas corpus is subject to equitable tolling, see Holland v. Florida, 560 U.S. 631, 645 (2010), Dubois has demonstrated no reasons for his lengthy delay in filing for habeas relief.

Where Dubois did not seek a writ of habeas corpus in federal court until March 7, 2022, the one-year statute of limitations set forth in 28 U.S.C. §2244(d) bars Dubois's petition. Accordingly, Dubois's Motion for a More Definite Statement [Doc. No. 20] is DENIED and Respondent's Motion to Dismiss [Doc. No. 15] is GRANTED.

B.  Dubois's Verified Motion to Alter or Amend a Judgment [Doc. No. 23]

Dubois's Verified Motion to Alter or Amend a Judgment [Doc. No. 23] asks the court to consider certain documents when determining his § 2241 Petition on the merits. Those documents are attached to the Verified Motion [Doc. No. 23] and are now part of the docket here. The court, however, may not reach the underlying merits of Dubois's request for writ of habeas corpus because his petition is time-barred under 28 U.S.C. § 2244. Accordingly, the Verified Motion [Doc. No. 23] is DENIED as moot.

### III.  Conclusion

For the foregoing reasons, Dubois's Motion for a More Definite Statement [Doc. No. 20] is DENIED, Respondent's Motion to Dismiss [Doc. No.15] is GRANTED, the Petition is dismissed as time-barred under 28 U.S.C. § 2244(d), and Dubois's Verified Motion to Alter or Amend a Judgment [Doc. No. 23] is DENIED as moot.

IT IS SO ORDERED

January 19, 2023                                        /s/ Indira Talwani
                                                        United States District Judge