UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PAUL DUBOIS,                           *
                                       *
        Petitioner,                    *
                                       *
        v.                             *          Civil Action No. 1:22-cv-10362-IT
                                       *
NELSON ALVES,                          *
                                       *
        Respondent.                    *

MEMORANDUM & ORDER

June 17, 2024

TALWANI, D.J.

Pending before the court in this closed case is Petitioner Paul Dubois's Verified Motion for Relief from Judgment [Doc. No. 37] pursuant to Fed. R. Civ. P. 60(b)(1). Petitioner's Motion is DENIED.

The background regarding this case and Petitioner's civil action under 42 U.S.C. § 1983 is set out in detail in the court's January 19, 2023 Memorandum & Order [Doc. No. 24]. The court dismissed the instant petition as time-barred, id., entered an Order of Dismissal [Doc. No. 25], and terminated the case. Petitioner filed a Notice of Appeal [Doc. No. 26] on February 2, 2023; on May 26, 2023, the First Circuit denied Dubois's appeal, USCA Judgment [Doc. No. 33], and on June 20, 2023, the First Circuit's Mandate [Doc. No. 34] was issued. On November 6, 2023, the United States Supreme Court denied Dubois's Petition for Writ of Certiorari. Letter [Doc. No. 36]. Dubois filed the instant Motion [Doc. No. 37] on April 3, 2024.

Federal Rule of Civil Procedure 60(b)(1) allows a court to relieve a party from final judgment because of "mistake, inadvertence, surprise, or excusable neglect." A motion under Rule 60(b)(1), (2), or (3) must be brought "no more than a year after the entry of the judgment or

order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Final judgment entered in Dubois's

habeas petition on January 19, 2023. Dubois's appeal to the First Circuit and Petition for Writ of

Certiorari to the Supreme Court did not alter the finality of this court's Order of Dismissal. See

Simon v. Navon, 116 F.3d 1, 3 (1st Cir. 1997); accord The Tool Box, Inc. v. Ogden City Corp.,

419 F.3d 1084, 1088–89 (10th Cir. 2005) ("By its terms, the one-year time limit in Rule 60(b)

runs from the date the judgment was 'entered' in the district court; it does not run from the date

of an appellate decision reviewing that judgment, nor does the pendency of an appeal toll the

one-year period."). Dubois's Motion [Doc. No. 37] is therefore time barred. Even if it were not,

Dubois has pointed to no mistake or error that would warrant relief from this court's dismissal of

his Section 2244 petition where that petition, too, was time barred, and where the merits of

Dubois's Section 1983 civil action could not and would not alter that conclusion.

For the foregoing reasons, Dubois's Motion for Relief from Judgment [Doc. No. 37] is

DENIED.

IT IS SO ORDERED

June 17, 2024                                    /s/      Indira Talwani
                                                United States District Judge

2